# EXHIBIT A



**U.S. Department of Justice**
Civil Division
Office of International Judicial Assistance

JEDavidson:kvo:kms

---

*U.S. Central Authority*
*Benjamin Franklin Station*
*P.O. Box 14360*
*Washington, DC 20044*
*+1 (202) 514-6700*
*OIJA@usdoj.gov*

June 15, 2020

**BY EMAIL**
Jennifer Welsh
Miranda Keith
U.S. Attorney's Office
District of Delaware
P.O. Box 2046
Wilmington, DE 19899-2046

      Re:    Request for International Judicial Assistance from the District Court in Hodonin, Czech Republic in the Matter of Jiří Sedlář, Ref No. 31 D 1015/2019
            DJ Reference Number: 189-33-20-3

Dear Ms. Welsh and Ms. Keith:

      The Office of International Judicial Assistance, within the Civil Division, serves as the U.S. Central Authority for the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"). 28 C.F.R. § 0.49. Pursuant to that Convention, we have received the above-captioned Letter of Request seeking evidence in a civil matter pending in the Czech Republic. We are referring this Request to you for handling. See United States Attorney Manual, § 4-1.325. Within fifteen days, please provide us with contact information for the individual assigned to handle this matter.

      In its Request, the Czech Court requested we obtain evidence in the form of documentation from Bank of America, whose national subpoena processing office is located in Wilmington, Delaware. Specifically, the Request seeks information regarding the accounts held by the decedent, Jiří Sedlář (Jiri Sedlar). The Request provides Jiří Sedlář's account number and birthdate. **Please proceed directly with the § 1782 process as banks will not release customer information without a subpoena.** Kindly also note the Right to Financial Privacy Act (RFPA) does not apply to requests for international judicial assistance. See OIJA's Right to Financial Privacy Act Guidance for more information. As the RFPA does not apply, banks cannot rely on the RFPA reimbursement provision as a basis for payment by the United States to a custodian who produces records in response to a foreign request.[1] Therefore, the USAO should not incur costs from the banks when they produce responsive records.

---

[1] *See Hurtado v. United States*, 410 U.S. 578 (1973) (holding that the custodian of evidence normally bears the costs of producing documents in compliance with federal legal process, unless specific statutory authority authorizes the United States to pay those costs).

The evidence is requested for use in a civil proceeding in the Czech Republic. In particular, the Czech Court is conducting the inheritance proceedings for Jiří Sedlář (Jiri Sedlar) and needs information on his assets at the time of his death. The request seeks the following:

- Bank statements showing the account balance for account number 4460 4108 5842 that was owned by Jiří Sedlář (Jiri Sedlar) on the date of his death, April 28, 2019; and
- Whether Jiří Sedlář (Jiri Sedlar) (DOB: February 14, 1995) had any other bank products (accounts, safe deposit boxes, etc.) through Bank of America, and if so, to provide the balances on the date of his death, April 28, 2019.

**There are new and updated instructions and frequently asked questions for the execution of Letters of Request on our website at: http://dojnet.doj.gov/civil/ofl/index.html.** A list of national subpoena processing offices can be found here: http://dojnet.doj.gov/civil/ofl/documents/guidance/Financial%20Institution%20Subpoena%20Contacts.pdf. We urge you to review all of these materials before executing this referral. The records can be compelled by your office pursuant to 28 U.S.C. § 1782. **If your office will incur an expense for which you intend to seek reimbursement from the Requesting Authority, you must inform our office before you incur the expense so we can seek assurance from the Requesting Authority to proceed. Failure to do so may result in the Requesting Authority's refusal to reimburse your office for the expense.**

Article 9 of the Hague Evidence Convention requires that requests for evidence be executed "expeditiously." Accordingly, we urge that your office handle this matter as quickly as possible. Given the increasing number of evidence requests that United States litigants send abroad pursuant to the Hague Evidence Convention, often with short discovery deadlines, expeditious handling of evidence requests by the United States may, as a matter of reciprocity, encourage similar treatment by foreign authorities. We anticipate this Request can be completed within ninety days. If additional time is needed to complete the Request, please provide us a status report by the ninetieth day and every two weeks thereafter.

After you have executed this Request, please return all documents sent with the Request and any original documents obtained through the execution of this Request to us so that we may return them to the foreign court. We would also appreciate receiving copies of any pleadings or motions that have been filed by your office in this case.

If you have any questions, please contact us at OIJA@usdoj.gov. Thank you in advance for your cooperation and assistance in this matter.

                                      Very truly yours,

                                      JEANNE E. DAVIDSON
                                              Director

                           By: *[signature]*
                                  KATERINA V. OSSENOVA
                                         Trial Attorney